1

2

3

4              **UNITED STATES DISTRICT COURT**

5                   **DISTRICT OF NEVADA**

6
   USACM LIQUIDATING TRUST,                  )
7                                            )
                  Plaintiff,                 )
8                                            )        2:09-cv-01947-RCJ-PAL
          vs.                                )
9                                            )
   ANTHONY MONACO et al.,                    )        **ORDER**
10                                           )
                  Defendants.                )
11 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯                         )

12        This adversary proceeding arises out of the alleged unlawful use of and failure to repay

13 funds of Debtor USA Commercial Mortgage Co. ("USACM") by two former USACM insiders,

14 non-parties Thomas A. Hantges and Joseph D. Milanowski (collectively, the "Culpable

15 Insiders"), in conjunction with Defendants Anthony Monaco, Susan Monaco, and Monaco

16 Diversified Corp. (collectively, "Monaco"), in order to finance profitable real estate

17 developments.

18        Plaintiff USACM Liquidating Trust (the "Trust") alleged the Culpable Insiders directed

19 the transfer of USACM's funds in order to capitalize real estate development ventures between

20 themselves and Defendants.  The unlawful advances made these developments possible,

21 Defendants received over $23 million from the developments, and USACM was never repaid.

22 The Court dismissed all claims except that for unjust enrichment against Monaco.  The Court

23 denied Monaco's motion for summary judgment against the unjust enrichment claim and

24 granted in part Plaintiff's motion to compel and for sanctions.  The Court denied Plaintiff a

25 default judgment but granted monetary sanctions in the total amount of $50,000: (1) $25,000

1    against Anthony Monaco, Susan Monaco, and the community thereof (collectively, "the

2    Monacos"), jointly and severally; and (2) $12,500 each against Interested Parties Winthrop

3    Couchot Professional Corporation ("Winthrop Couchot") and Santoro, Driggs, Walch, Kearney,

4    Holley & Thompson ("Santoro").  The Monacos and Interested Parties moved for

5    reconsideration of the sanctions order.  The Court denied the Monacos' and Winthrop

6    Couchot's motions but granted Santoro's motion, ruling that "the total award of $50,000 is

7    reallocated as follows: $25,000 against Anthony Monaco, Susan Monaco, and the community

8    thereof, jointly and severally; and $25,000 against Winthrop Couchot Professional

9    Corporation."

10           The Trust and Monaco then entered into a consent judgment (the "Agreed Judgment")

11   for $5.5 million in favor of the Trust and against Monaco, with post-judgment interest, in

12   exchange for dismissal of the remaining unjust enrichment claim.  The Agreed Judgment, which

13   the parties authored, noted (perhaps superfluously)[1] that the Court retained jurisdiction to

14   enforce the judgment.

15           Defendants then appealed the order denying summary judgment, the sanctions order,

16   and the order denying reconsideration of sanctions.  The Court of Appeals heard oral argument

17   on August 31, 2011.

18           Plaintiff then filed the present Motion to Clarify Agreed Judgment (ECF No. 117).

19   Plaintiff notes that it has registered the judgment in the U.S. District Court for the Central

20   District of California so that it may attach Monaco's assets in California.  The Central District

21   court ordered Plaintiff to show cause why the action to register the judgment in the Central

22

23           [1]Unless a judgment is on appeal, a federal district court retains jurisdiction to enter all
     writs necessary to enforce and effectuate its judgments. *See* 28 U.S.C. §§ 1651, 2283.  The
24   Agreed Judgment is not on appeal and did not include a reservation of appeal rights.

25                                        Page 2 of  3

1   District should not be dismissed, based on that court's reading of the Agreed Judgment's

2   language to prevent it.  That court has now stayed the registration action so that Plaintiff may

3   obtain a clarification of the Agreed Judgment from this Court.  The Court clarifies that the

4   provision of the Agreed Judgment (ECF No. 108) affirming this Court's retention of jurisdiction

5   over disputes concerning the substance of the judgment was not intended to prevent the

6   registration of, and subsequent execution upon, that judgment in any jurisdiction whatsoever,

7   foreign or domestic, against any property of the judgment debtors that is attachable under the

8   laws of the relevant jurisdiction.

9                                          **CONCLUSION**

10        IT IS HEREBY ORDERED that the Motion to Clarify Agreed Judgment (ECF No. 117)

11  is GRANTED.  To the extent that property or assets in which Anthony Monaco, Susan Monaco,

12  or Monaco Diversified Corporation have any interest, directly or indirectly, are located in a

13  jurisdiction other than Nevada (the "Extraterritorial Assets"), the USACM Trust may utilize the

14  powers of any court with jurisdiction over (1) the Extraterritorial Assets or (2) third parties in

15  possession of the Extraterritorial Assets, to aid in the enforcement of the Agreed Judgment

16  (ECF No. 108) to fullest extent allowable by the laws of the jurisdiction in which the

17  Extraterritorial Assets are located and the laws of the United States.

18        IT IS FURTHER ORDERED that the Motion to Shorten Time (ECF No. 118) is

19  DENIED.

20        IT IS SO ORDERED.

21        Dated this 7th day of December, 2011.

22

23  _____

24        ROBERT C. JONES
          United States District Judge

25        Page 3 of 3